UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

BERTRAM K.C. CHAN )
1534 ORILLA COURT )
SUNNYVALE, CA 94087 )
)
MARIE N. Y. CHAN )
1534 ORILLA COURT )   Civil Action No. _____
SUNNYVALE, CA 94087 )
)
          Plaintiff )
)

    v.

UNITED STATES OF AMERICA
(Internal Revenue Service),

          Defendant

**COMPLAINT FOR A REFUND OR CREDIT / OFFSET**

1.  This action arises under a federal statute, 26 U.S.C. § 7422.. The Taxpayer's are a resident of Santa Clara County, California. Therefore, this Court has proper jurisdiction.

2.  A case related to the issues contained herein was filed on November 12, 2014 in the Western District of Missouri. Upon motion of defendant that court dismissed it for improper venue on June 16, 2015. The case is being refiled herein as per the prior courts Order the Northern District of California is the proper venue.

2.  Plaintiffs passively owned a *very small percentage*  of two partnerships, Chattanooga Retirement Residence, LLC (EIN xx-xxx9132) and Franklin Retirement Residence LLC (EIN xx-xxx68262) (collectively the "partnerships") during the years with tax periods ending December 31, 2007.

1

3. Taxpayers; interests in the partnerships were sold during the partnerships' tax years ending December 31, 2007.

4. Real estate and other assets of the partnerships were sold during 2007 producing taxable gains after the Taxpayers interests were sold in the partnerships.  The buyer properly reported the gains on its tax return.  Erroneously, the partnerships issued Forms K-1s to Taxpayers for the entire year, including gains from the sale of the assets.

5. The partnerships were examined by the IRS for its tax year ending December 31, 2007 pursuant to the TEFRA audit procedures.

6. The audit resulted only in one adjustment which was the modification of a gain, from a IRC Sections 1231 gain to a Section 1245 gain.

7. On August 18, 2011 the IRS and Taxpayers executed a Form 870-PT with respect to each partnership, a contract agreeing that the adjustments made were accurate and the only adjustments to be made related to the partnership.  See **Exhibits A** and **B** attached hereto.

8. Assuming no sale of Taxpayers' partnership interests occurred during 2007, Taxpayers partnership share of the adjustments set forth in the two Forms 870-PTs would have been $17,086.00 and $15,699.00, as described in the IRS Form 4549-A attached hereto as **Exhibit C**.

9. Taxpayers timely filed their Forms 1040 for tax years ending 2007 and 2008.

10. The IRS sent Taxpayers the letter dated November 30, 2012 with the attached Form 4549-A, attached hereto as Exhibit C, proposing how the partnership adjustments affected their individual Form 1040's.

11. The November 30, 2012 letter provides "Enclosed are Forms 4549-A explaining how the adjustments made during our examination of the above partnerships affect your individual

2

income tax return(s)…."

12. The Form 4549-A included the adjustments described in the Form 870-PTs, as well as other adjustments made to the Form 1040 that were not made at the partnership level, nor included in the Form 870-PTs. Such additional adjustments include a $710,103.00 capital gain attributable to the sale of the assets set forth on the original Form K-1 (the "Capital Gain Adjustment.")

13. This capital gain was properly included on the tax return of the buyer of the partnership interests from Taxpayers, as it was the owner of the partnership interest at the time of the sale. However, the Form K-1 issued to Taxpayers by the partnerships included the gain in error, rather than the K-1 issued to the buyer.

14. Given the erroneous Form K-1, Taxpayers included the gain on its Form 4797 filed with its timely Form 1040. The Form 4797 included another entry reducing the gain to zero, noting that the gain was reported by the buyer. See Form 4797 attached hereto as **Exhibit D**. Regardless, the gain as set forth in the original Form K-1 issued to Taxpayers was reported with its timely filed Form 10400.

15. The Form 4549-A wrongfully included the Capital Gain Adjustment as an adjustment.

16. The Capital Gain Adjustment is erroneous because it was not an adjustment that was made at the partnership level.

17. The Capital Gain Adjustment is erroneous because it was not included on the Forms 870-PT as an adjustment.

18. The Forms 870-PT bar all partnership adjustments other than those included in such Form 870-PT. The Capital Gain Adjustment was not included in the Forms 870-PT.

3

19. Regardless of the statements of the IRS contained in the November 30, 2012 letter proposing that the adjustments were attributable to partnership adjustments, The Capital Gain Adjustment could only be considered an adjustment made pursuant to an adjustment to the Form 1040 as to the proper reporting of the gains per the originally filed Form K-1s, rather than a partnership adjustment pursuant to the partnership audits.

20. The proposed adjustments in the November 30, 2012 letter were made over four years after the filing of Taxpayers Form 1040.

21. The three-year statute of limitations for the assessment of tax attributable to the Form 1040, other than adjustments made pursuant to a TERFA partnership audit as set forth in the Form 870-PT, bars the Capital Gain Adjustment.

22. The adjustments made to Taxpayers' 2008 Form 1040 are solely the result of the adjustments made to Taxpayers' 2007 Form 1040, as they relate to a capital loss carryover to Taxpayers' 2008 Form 1040. Such adjustments would not be applicable without the Capital Gain Adjustment to the 2007 tax year.

23. The IRS wrongfully levied $176,609.13 from the bank account of Taxpayers on or about August 19, 2013 to collect taxes attributable to the 2007 and 2008 tax years. See Notice of Levy attached hereto as **Exhibit E**.

24. The amounts levied would not have been owed but for the erroneous Capital Gain Adjustment.

25. The levy occurred within two years of the date hereof.

**Count I**
**Claim for Refund**

4

26. Plaintiff hereby incorporates paragraphs 1 through 25 herein as if separately set forth in this Count I.

27. The right to the refund accrued on or about August 19, 2013, the date of the levy.

28. Plaintiff properly requested the claim for refund on multiple occasions, as well as requests for administrative reviews of the claim.

29. The result of the administrative review of the claim was a denial of the refund.

## Count II
## Breach of Contract

30. Taxpayers hereby incorporate paragraphs 1 through 29 herein as if separately set forth in this Count II.

31. As an alternative claim to the Count I, Taxpayers allege that an agreement was made between the Taxpayers and the IRS, Form 870-PT, which sets forth the amount of the partnership adjustments.

32. The IRS breached this agreement by making the Capital Gain Adjustment as a partnership adjustment, in addition to the actual and agreed upon partnership adjustments.

33. As a proximate result of such breach, Taxpayers are damaged by the amount of the taxes, penalties, and interest resulting from the Capital Gain Adjustments, for both 2007 and 2008 tax years, which equals the amount of the levy, plus pre-judgment interest on such amount since the date of the levy.

## Demand for Judgment

Therefore, Taxpayers demand judgement against the IRS for a refund in the amount of

$176,609.13, plus interest. Taxpayers further designate the U.S. District Court for the Northern District of California, located in San Francisco, California for the place of trial for this matter.

WHEREFORE, Plaintiffs pray that the Court grants it judgment in the amount of $176,609.13, plus interest at the statutory rate on such amount accruing since August 19, 2013.

Dated: July 13, 2015

                                    RENKEMEYER LAW FIRM, LP

                                    By:/s/ Troy D. Renkemeyer_____

Troy D. Renkemeyer, Mo Bar No. 47371
941 W. 141st Terrace, Suite B
Kansas City, Missouri, 64145
Phone (913) 906-9800 Fax (913) 906-9840
trenkemeyer@rcwlawfirm.com

7